Paul v. LaValley

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of February, two thousand eighteen.

PRESENT:
> **ROBERT A. KATZMANN,**
> *Chief Judge,*
> **ROSEMARY S. POOLER,**
> **CHRISTOPHER F. DRONEY,**
> *Circuit Judges.*

---

Shondell Paul,

> *Plaintiff-Appellant,*

> v.                                                                                    17-1086

Thomas LaValley, Superintendent, Clinton Correctional Facility, Stephen Brown, Deputy Superintendent, Clinton Correctional Facility,

> *Defendants-Appellees.**

---

FOR PLAINTIFF-APPELLANT:           Shondell Paul, pro se, Comstock, NY.

FOR DEFENDANTS-APPELLEES:           Barbara D. Underwood, Solicitor General,
                                    Andrew Bing, Deputy Solicitor General,
                                    Frederick A. Brodie, Assistant Solicitor
                                    General, of counsel, *for* Eric T.

---

* The Clerk of Court is directed to amend the caption as set forth above.

Schneiderman, Attorney General of the State of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, *C.J.*; Peebles, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and the case is **REMANDED** for further proceedings.

Appellant Shondell Paul, proceeding pro se, appeals from a judgment granting qualified immunity to Superintendent Thomas LaValley and Deputy Superintendent of Security Stephen Brown in Paul's suit brought under 42 U.S.C. § 1983. At the relevant times, Paul was a prisoner in a Special Housing Unit at Clinton Correctional Facility ("Clinton") in Dannemora, New York. When Paul first arrived at the facility, he was provided with long underwear for use during the one hour of daily outdoor exercise. However, Clinton later stopped issuing the long underwear. Paul complained to LaValley and Brown that, without the long underwear or other winter items, the standard clothing provided was inadequate to protect him from the harsh winter weather, which precluded him from participating in daily exercise. His complaints went unheeded. The defendants moved for summary judgment, both on the merits and on qualified immunity. The magistrate judge recommended denying the motion. The district court adopted the majority of the magistrate judge's report and recommendation, but concluded that the defendants were entitled to qualified immunity. This appeal follows. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's grant of summary judgment de novo, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police*

*Dep't*, 706 F.3d 120, 127 (2d Cir. 2013) (per curiam). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

"Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The defendants bear the burden of establishing their entitlement to qualified immunity. *Vincent v. Yelich*, 718 F.3d 157, 166 (2d Cir. 2013).

To prevail on a conditions-of-confinement claim, an inmate must show that he suffered a sufficiently serious deprivation and that prison officials acted with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A prisoner suffers a sufficiently serious deprivation when prison officials fail to furnish him with "life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Accordingly, we have agreed with other Circuits that "some opportunity for exercise must be afforded to prisoners," *Anderson v. Coughlin*, 757 F.2d 33, 35 (2d Cir. 1985), and we have held that this right was clearly established for qualified immunity purposes by no later than 1985, *Williams v. Greifinger*, 97 F.3d 699, 703–04 (2d Cir. 1996). Upon review, we conclude that the magistrate judge and the district court correctly concluded that Paul disputed material issues of fact concerning the merits of his claim and that the right at issue was clearly established, and we therefore reject Appellees' alternative bases for affirming the district court's judgment.

3

The district court nonetheless granted immunity to the defendants based on its conclusion that it was objectively reasonable for the defendants to believe that they may lawfully deny long underwear to Paul. *Paul v. LaValley*, No. 9:13-cv-1040 (GTS/DEP), 2017 WL 1167308, at \*4–6 (N.D.N.Y. Mar. 28, 2017). However,

> once a court has found that the law was clearly established at the time of the challenged conduct and for the particular context in which it occurred, it is no defense for a police officer who violated this clearly established law to respond that he held an objectively reasonable belief that his conduct was lawful. This is so because a police officer who violates clearly established law necessarily lacks an objectively reasonable belief that his conduct was lawful. We clarify here that the two are part of the same inquiry, not independent elements as some cases suggested.

*Okin v. Vill. of Cornwall-on-Hudson Police Dep't*, 577 F.3d 415, 433 n.11 (2d Cir. 2009); *see also Nagle v. Marron*, 663 F.3d 100, 115 (2d Cir. 2011) ("The focus . . . remains on whether, at the time of the alleged conduct, the right was clearly established, *rendering it objectively unreasonable* for an official to think that his action was lawful." (emphasis added)); *Walczyk v. Rio*, 496 F.3d 139, 166 (2d Cir. 2007) (Sotomayor, *J.*, concurring) ("[W]hether a right is clearly established is *the same question* as whether a reasonable officer would have known that the conduct in question was unlawful."). Here, because an inmate's right to be afforded an opportunity to exercise was clearly established as of the events in question, the defendants are not entitled to qualified immunity.

We have considered the parties' remaining arguments and find in them no basis for altering our decision. Accordingly, we **VACATE** the district court's judgment and **REMAND** for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4